UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

DENISE ESQUENAZI,
ANAND DAHARRY,
GREG HEINRICH, and
WAEL AWADA,

       Plaintiffs,

v.

OPEN FINANCE NETWORK, LLC,
a Florida Limited Liability Company,
EPLURIBUS, INC., a Florida Corporation,
AMERICAN SECURITIES GROUP OF DELAWARE, INC.,
a Foreign Corporation, PHOENIX BAY, INC.,
a Foreign Corporation, VICTOR M. ESCLAMADO,
Individually, and GREG H. LEEKLEY, Individually,

       Defendants

_____/

## PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Denise Esquenazi ("Esquenazi"), Anand DaHarry ("DaHarry"), Greg Heinrich

("Heinrich") and Wael Awada ("Awada") (collectively "Plaintiffs"), by and through their

undersigned counsel, and pursuant to Rule 15, Federal Rules of Civil Procedure, hereby allege

the following violations of law against Defendants Open Finance Network ("OFN"), Epluribus,

Inc. ("Epluribus"), American Securities Group of Delaware, Inc. ("ASGD"), Phoenix Bay, Inc.

("Phoenix"), Victor M. Esclamado ("Esclamado") and Greg H. Leekley ("Leekley")

(collectively "Defendants"), and seek redress for same in this their Second Amended Complaint

and Demand For Jury Trial ("Complaint"). Plaintiffs state the following in support of their

claim:

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

## JURISDICTION AND VENUE

1.    This action seeks damages in excess of $15,000.00, exclusive of attorney's fees, costs, and interest as a result of Defendants' failure/refusal to properly compensate/pay Plaintiffs.

2.    At all times relevant, Esquenazi and DaHarry were residents of Broward County, Florida.

3.    At all times relevant, Heinrich and Awada were residents of Palm Beach County, Florida.

4.    At all times relevant, OFN and Epluribus were Florida corporations doing business in Palm Beach County, Florida.

5.    At all times relevant, ASGD and Phoenix were foreign corporations doing business in Palm Beach County, Florida.

6.    At all times relevant, Esclamado and Leekley were officers of OFN, Epluribus, ASGD and Phoenix, operating out of Palm Beach County, Florida.

7.    Given the bases of this Complaint and that the acts complained of occurred in Palm Beach County, Florida, this court has proper jurisdiction and venue over this matter.

## FACTS

8.    Plaintiffs were all employees of Defendants at Defendants' location in Boca Raton, Florida.

9.    Esquenazi was employed by Defendants as a senior member of the Data Portfolio Team from October 2008 through March 12, 2009.

2

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

10. DaHarry was employed by Defendants as an Analyst from September 2007 through March 12, 2009

11. Heinrich was employed by Defendants as a Project Manager from October 2008 through March 12, 2009.

12. Awada was employed by Defendants as a Senior Software engineer through March 12, 2009.

13. Plaintiffs were all terminated from employment with Defendants on March 12, 2009.

14. Despite permitting Plaintiffs to work for them through March 12, 2009, however, Defendants failed to pay Plaintiffs from January 15, 2009 through March 12, 2009

15. During the period between January 1, 2009 and March 12, 2009, Defendants had misrepresented to Plaintiffs that notwithstanding Defendants' financial difficulties, Plaintiffs would not only be paid their regular compensation if they continued to work for/provide services to Defendants between January 15, 2009 and March 12, 2009, but that they would also be paid an additional percentage of their regular compensation ("enhanced compensation") for their loyalty in remaining with the financially strapped Defendants.

16. At the time Defendants made the misrepresentations set forth in paragraph 15, however, Defendants either knew they were making misrepresentations and that Plaintiffs would not be paid their regular or enhanced compensation for work performed between January 15, 2009 and March 12, 2009, made the misrepresentations without knowledge as to their truth or

3

CASE NO : 09-82437-CIV-DIMITROULEAS-SNOW

falsity, or made the misrepresentations under circumstances in which they ought to have known of their falsity.

17     Defendants intended, however, for their misrepresentations to induce Plaintiffs to work for/provide services to Defendants between January 15, 2009 and March 12, 2009.

18     Defendants additionally misrepresented to Plaintiffs that they would be paid for their unused vacation time in exchange for services provided to/work performed for Defendants.

19.     Defendants, in fact, failed to pay Plaintiffs for their unused vacation time in exchange for services provided/work performed as Defendants had promised to do.

20.     At the time Defendants made the misrepresentations set forth in paragraph 18, however, Defendants either knew they were making misrepresentations and that Plaintiffs would not be paid for their unused vacation time, made the misrepresentations without knowledge as to their truth or falsity, or made the misrepresentations under circumstances in which they ought to have known of their falsity.

21.     Defendants intended, however, for their misrepresentations to induce Plaintiffs to work for/provide services to Defendants.

22.     Defendants further misrepresented to Plaintiffs that they would be paid bonuses for work performed for/services provided to Defendants.

23.     Defendants, in fact, failed to pay Plaintiffs their bonuses for work performed/services provided as Defendants had promised to do.

24.     At the time Defendants made the misrepresentations set forth in paragraph 22, however, Defendants either knew they were making misrepresentations and that Plaintiffs would

4

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

not be paid their bonuses, made the misrepresentations without knowledge as to their truth or falsity, or made the misrepresentations under circumstances in which they ought to have known of their falsity.

25.    Defendants intended, however, for their misrepresentations to induce Plaintiffs to work for/provide services to Defendants.

26.    At all times material to this Complaint, Defendants had two (2) or more employees who regularly engaged in commerce or in the production of goods for commerce, or who regularly sold, handled, or otherwise worked on goods and/or materials that had/have been moved in or produced for interstate commerce.

27.    Based upon information and belief, the annual gross sales volume of each of the Defendants other than Esclamado and Leekley was in excess of $500,000.00 per annum at all times material hereto.

28.    At all times pertinent to this Complaint, each of the Defendants other than Esclamado and Leekley has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA.

29.    At all times material hereto, Esclamado managed and/or operated Defendants on a day-to-day basis, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of Defendants.  By virtue of such control and authority, Esclamado was an employer of Plaintiffs as such term is defined by the FLSA.

5

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

30.     At all times material hereto, Leekley managed and/or operated Defendants on a day-to-day basis, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of Defendants. By virtue of such control and authority, Leekley was an employer of Plaintiffs as such term is defined by the FLSA.

### COUNT I – FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES AS TO DEFENDANTS OFN, EPLURIBUS, PHOENIX, AND ASGD

31.     Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

32.     Plaintiffs worked/performed their services as reflected above for Defendants up through the day and time they were terminated from employment, and had accordingly earned the monies, including, but not limited to, their base pay, enhanced compensation, bonuses and compensation for unused vacation time, for which they seek recovery.

33.     At all times material hereto, Defendants failed to pay Plaintiffs their regular compensation for work performed/service provided by Plaintiffs for Defendants between January 15, 2009 and March 12, 2009, failed to pay Plaintiff's their enhanced compensation for work performed/services provided by Plaintiffs for Defendants between January 15, 2009 and March 12, 2009, failed to pay Plaintiff's their bonuses for work performed/services provided, and failed to pay Plaintiff's for their unused vacation time in exchange for work performed/services provided.

6

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

34.     Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid compensation for unused vacation time, interest, attorney's fees and costs, and all other remedies allowable by law.

## COUNT II – VIOLATION OF THE FLSA AS TO ALL DEFENDANTS

35.     Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

36.     Pursuant to 29 U.S.C. §206, an employer must pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, a minimum wage provided by law under the FLSA.

37.     Plaintiffs worked/performed their services as reflected above for Defendants up through the day and time they were terminated from employment, and had accordingly earned the monies for which they seek recovery.

38.     At all times material hereto, Defendants failed to comply with the FLSA, by failing to pay Plaintiffs any form of compensation for work performed/services provided by Plaintiffs for Defendants between January 15, 2009 and March 12, 2009.

7

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

39.     Plaintiffs are entitled to their attorney's fees and costs pursuant to the FLSA itself

and § 448.08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected

herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their

unpaid compensation, an equivalent amount as liquidated damages, interest, attorney's fees and

costs, and any other remedies allowable by law.

## COUNT III – BREACH OF ORAL CONTRACT AS TO DEFENDANTS OFN, EPLURIBUS, PHOENIX, AND ASGD

40.     Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth

herein.

41.     Defendants offered Plaintiffs employment, base compensation, enhanced

compensation, bonuses, and payment for unused vacation time for work/performance of the

services referenced above.

42.     Plaintiffs accepted Defendants offer and fully performed their work/services as

required.

43.     Plaintiffs and Defendants accordingly entered into an oral contract for

employment, the payment of base compensation for work performed/services provided, the

payment of enhanced compensation for work performed/services provided, the payment of

bonuses for work performed/services provided, and payment for unused vacation time for work

performed/services provided.

8

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

44. Defendants, however, committed a breach of that contract by failing to pay Plaintiffs their base compensation, enhanced compensation, bonuses, and compensation for unused vacation time as promised in exchange for Plaintiffs' work/performance of their services.

45. Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448 08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid compensation for unused vacation time, interest, attorney's fees and costs, and any other remedies allowable by law.

## COUNT IV -- QUANTUM MERUIT AS TO ALL DEFENDANTS

46. Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

47. Plaintiffs worked for/provided services to and for Defendants between January 15, 2009 and March 12, 2009, and Defendants were aware of and accepted the work performed/services being provided.

48. Defendants accordingly expected to pay Plaintiffs compensation for the value of the work performed/services rendered by Plaintiffs for Defendants.

49. Plaintiffs did in fact work for/provide services to Defendants during the period of January 15, 2009 and March 12, 2009, which work/services were accepted by Defendants, and, therefore, such work/services benefited Defendants.

9

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

50.    Plaintiffs have made demand upon Defendants for the full value of their work/services, but Defendants have intentionally failed to make any payment to Plaintiffs for the value of their work/services.

51.    It is unfair that Defendants have benefited from the work performed/services provided by Plaintiffs, without paying a fair and reasonable value for the work performed/services rendered.

52.    Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid compensation for unused vacation time, interest, attorney's fees and costs, and any other remedies allowable by law.

## COUNT V -- UNJUST ENRICHMENT AS TO ALL DEFENDANTS

53.    Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

54.    Plaintiffs furnished a benefit, to wit, employment-related work/services, to and for Defendants.

55.    Defendants appreciated the benefits conferred upon them by Plaintiffs.

56.    Defendants knowingly requested and accepted the benefits of Plaintiffs' work/services and were aware that Plaintiffs were providing said work/services.

10

CASE NO : 09-82437-CIV-DIMITROULEAS-SNOW

57.     Defendants have had the benefit of Plaintiffs' work/services.

58.     Defendants have accordingly been unjustly enriched as a result of receiving Plaintiffs' work/services without providing Plaintiffs any form of compensation or remuneration.

59.     Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid compensation for unused vacation time, interest, attorney's fees and costs, and any other remedies allowable by law.

## COUNT VI – FRAUD AS TO ALL DEFENDANTS

60.     Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

61.     Defendants falsely represented to Plaintiffs that they would be compensated for the work they performed/services they provided between January 15, 2009 and March 12, 2009, that they would be paid enhanced compensation for the work they performed/services they provided between January 15, 2009 and March 12, 2009, that they would be paid for unused vacation in exchange for work performed/services provided, and that they would be paid bonuses for work performed/services provided.

62     Defendants were well aware that their representations to Plaintiffs were false.

11

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

63.     Defendants intended for their knowingly false misrepresentations to induce Plaintiffs' reliance and to accordingly induce Plaintiffs to work for/perform services to and for Defendants, which work/services Plaintiffs in fact performed/provided.

64.     Plaintiffs were consequently injured by their reliance upon Defendants' knowingly false representations of payment by not being compensated for their work/services, by not being paid their enhanced compensation for their work/services, by not being paid for their unused vacation in exchange for work performed/services provided, and/or by not being paid their bonuses for work performed/services provided.

65.     Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid compensation for unused vacation time, interest, attorney's fees and costs, and any other remedies allowable by law.

### COUNT VII -- FRAUD IN THE INDUCEMENT AS TO ALL DEFENDANTS

66.     Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

67.     Defendants misrepresented material facts to Plaintiffs by telling Plaintiffs that they would be paid their base compensation and enhanced compensation if they worked for/provided services to Defendants between January 15, 2009 and March 12, 2009, that they

12

CASE NO : 09-82437-CIV-DIMITROULEAS-SNOW

would be paid for unused vacation time in exchange for work performed/services provided, and that they would be paid bonuses for work performed/services provided, when Defendants knew they had no intention of paying Plaintiffs their compensation, enhanced compensation, unused vacation and/or bonuses

68.     Defendants intended, however, for their misrepresentations to induce Plaintiffs to work for/provide services to and for Defendants, which work/services Plaintiffs in fact performed/provided.

69.     Plaintiffs had no reason to doubt that they would be paid their compensation, enhanced compensation, unused vacation and/or bonuses.

70.     Plaintiffs suffered injury in the form of lost compensation, lost enhanced compensation, lost payment for unused vacation and lost payment of bonuses, in justifiable reliance on Defendants' misrepresentations by working for/providing services to Defendants without payment of compensation, without payment of enhanced compensation, without payment for unused vacation time, and without payment for bonuses.

71.     Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid compensation for unused vacation time, interest, attorney's fees and costs, and any other remedies allowable by law.

13

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

## COUNT VIII – NEGLIGENT MISREPRESENTATION AS TO ALL DEFENDANTS

72.     Plaintiffs reassert the allegations in paragraphs 1-30 above as if fully set forth herein.

73.     Defendants misrepresented material facts to Plaintiffs by telling Plaintiffs that they would be paid their base compensation and enhanced compensation if they worked for/provided services to Defendants between January 15, 2009 and March 12, 2009, that they would be paid for unused vacation time in exchange for work performed/services provided, and that they would be paid bonuses for work performed/services provided.

74.     Defendants either knew of their misrepresentations, made the misrepresentations without knowledge as to their truth or falsity, or made the misrepresentations under circumstances in which they ought to have known of their falsity.

75.     Defendants intended, however, for her misrepresentations to induce Plaintiffs to work for/provide services to and for Defendants, which work/services Plaintiffs in fact performed/provided.

76.     Plaintiffs suffered injury in the form of lost compensation, lost enhanced compensation, lost payment for unused vacation, and lost payment of bonuses, in justifiable reliance on Defendants' misrepresentations by working for/providing services to Defendants without payment of compensation, without payment of enhanced compensation, without payment for unused vacation time, and without payment for bonuses.

14

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

77.     Plaintiffs are entitled to their attorney's fees and costs pursuant to § 448.08,

Florida Statutes as a result of Defendants' failure to properly pay them as reflected herein should

they prevail on their claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their

unpaid base compensation, unpaid enhanced compensation, unpaid bonuses, unpaid

compensation for unused vacation time, interest, attorney's fees and costs, and any other

remedies allowable by law.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

s/ Jeffrey M. Goodz
Jeffrey M. Goodz
Florida Bar No. 953600
Remer & Georges-Pierre, PLLC
11900 Biscayne Boulevard, Suite 288
North Miami, Florida 33181
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
E-mail: jgoodz@rgpattorneys.com

CASE NO : 09-82437-CIV-DIMITROULEAS-SNOW

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January, 2010, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve electronically a copy of the foregoing on all counsel or parties of record on the attached service list. I HEREBY FURTHER CERTIFY that a copy of the foregoing along with the Electronic Notice of Filing were also served via U.S. Mail on this 8th day of January, 2010 on all counsel or parties of record on the attached service list.

s/ Jeffrey M. Goodz
Jeffrey M. Goodz (Fl. Bar No. 0953600)
E-mail:  jgoodz@rgpattorneys.com
Remer & Georges-Pierre, PLLC
11900 Biscayne Boulevard, Suite 288
North Miami, Florida 33181
Telephone:  (305) 416-5000
Facsimile:  (305) 416-5005
Attorneys for Plaintiffs

CASE NO.: 09-82437-CIV-DIMITROULEAS-SNOW

## **SERVICE LIST**

CASE NO : 09-82437-CIV-DIMITRULEAS-SNOW

Jeffrey M. Goodz, Esq.
Remer & Georges-Pierre, PLLC
11900 Biscayne Boulevard, Suite 288
North Miami, Florida 33181
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
E-mail: jgoodz@rgpattorneys.com
Attorneys for Plaintiffs

Angelique Groza Lyons, Esq.
Constangy, Brooks & Smith, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601
Telephone: (813) 223-7166
Facsimile: (813) 223-2515
E-mail: alyons@constangy.com
Attorneys for Defendants

17